[L. A. No. 1996.   In Bank.—January 27, 1908.]

In the Matter of the Estate of JAMES S. CALLEN, an Incompetent Person. SOUTHERN CALIFORNIA STATE HOSPITAL and CALIFORNIA STATE COMMISSION IN LUNACY, Appellants.

INSANE PERSON COMMITTED TO STATE HOSPITAL—STATE HAS NO CLAIM FOR MAINTENANCE AGAINST INSOLVENT.—Under section 2176 of the Political Code, to the effect that the estate of an insane person committed to a state hospital for the insane shall be liable for his care, support, and maintenance "to the extent it is sufficient for the purpose," neither the state nor the state hospital has any claim

CLII Cal.—49

against the estate of an insane person who is insolvent, and who was so at the time of his commitment.

APPEAL from an order of the Superior Court of San Diego County directing the distribution of the estate of an incompetent person. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

John W. Stetson, and Cassius Carter, for Appellants.

Haines & Haines, for Guardian, Respondent.

James E. Wadham, and L. L. Boone, for certain creditors.

HENSHAW, J.—James S. Callen had been declared an incompetent and committed to the Southern California State Hospital. A guardian was appointed of his estate. At the time of the settlement of the final account of the guardian it appeared that he had on hand four hundred and seventy-six dollars which could be devoted to the payment of the claims of creditors. Two kinds of claims were presented. 1. The claims of private persons, aggregating fourteen hundred and thirty-five dollars, which claims had accrued prior to the commitment of the incompetent to the State Hospital; and, 2. The claim of the State Hospital for four hundred and thirty-five dollars, accrued for the support, care, and maintenance of the incompetent subsequent to his commitment. The court ordered that the moneys in the hands of the guardian be ratably distributed amongst the creditors other than the Southern California State Hospital, and from this order the hospital appeals. It contends, first, that it is an agent and mandatory of the state, and thus represents the state, and that the claim of the state as sovereign should be preferred over that of the general creditors by virtue of the common-law rule to this effect. (*State* v. *Foster,* 5 Wyo. 199, [63 Am. St. Rep. 47, 38 Pac. 926].) Appeal is here made to the rule enunciated in our code and affirmed in our decisions, that where our statutes are silent the common law of England furnishes the rule of decision. (*Estate of Apple,* 66 Cal. 434, [6 Pac. 7].) But it is sufficient on this to say that our codes are not silent upon the matter. The state has undertaken the

care of its insane and incompetents, and the liability of the estate of such an incompetent is defined by section 2176 of the Political Code. ''The husband, wife, father, mother, or children of an insane person, if of sufficient ability, or the estate of such insane person to the extent it is sufficient for the purpose shall be liable for the care, support and maintenance of any insane person in a state hospital for the insane to which he has been or may hereafter be committed or transferred.'' The first proposition to be considered, then, is whether under this section the state or the asylum has any claim at all upon the estate of the incompetent. It appears that at the time the state first took charge of him, his undisputed debts exceeded three times the value of his property. He was insolvent. Such little property as he possessed was due and owing to creditors, and equitably that property was theirs. Under such state of facts it cannot be successfully argued that the condition contemplated by section 2176 is fulfilled. The estate of the insane person was not sufficient to any extent to provide for his maintenance at the time of his commitment to the asylum. Such property as he possessed belonged to the creditors existing at the time of his commitment. The result is that the state had no legal claim at all against the property of the incompetent. It becomes unnecessary, therefore, to consider whether, if it had a valid claim and the funds of the incompetent were inadequate to pay all claims, the state should receive preferential consideration, or should share ratably with the others.

The order appealed from is affirmed.

Beatty, C. J., Angellotti, J., Sloss, J., McFarland, J., and Lorigan, J., concurred.